MEIERHENRY, Justice
(dissenting).
[¶ 29.] Applying our deferential standard of review, we should affirm the circuit court’s decision to exclude Barbara’s inherited property from the marital estate. There is no abuse of discretion under the factors and standard recently reiterated in Novak v. Novak, 2006 SD 34, ¶¶ 3-4, 713 N.W.2d 551, 552. We have consistently said, “[w]e find an abuse of discretion when discretion is exercised to an end or purpose not justified by, and clearly against, reason and evidence.” Id ¶ 3 (additional citations omitted). Under this standard, we do not ask whether we would have made the same decision, but “whether a judicial mind, in view of the law and the circumstances of the particular case, could have reasonably reached such a conclusion.” Id. (additional citation omitted). Additionally, we review the circuit court’s findings of fact under the clearly erroneous standard. Id.
[¶ 30.] In Billion v. Billion, we clearly directed circuit courts in this state to consider certain factors when deciding whether inherited property should be subject to division in the marital estate. 1996 SD 101, ¶ 18, 553 N.W.2d 226, 231. In Novak, we said, “[o]nly where one spouse has made no or de minimis contributions to the *552 acquisition or maintenance of an item of property and has no need for support, should a court set [it] aside as ‘non-marital’ property.” 2006 SD 34, ¶ 5, 713 N.W.2d at 552-53 (citation omitted). The circuit court, following our directive, considered all the factors in light of the evidence and concluded that the inherited property should not be part of the marital estate. The court found that Lawrence’s contribution to the inherited assets was de minim-is, and that his need for support could be met without dividing the inherited assets. The circuit court’s findings were not clearly erroneous and its decision was reasonable and justified.
[¶ 31.] The majority opinion attempts to substitute its own opinion to conclude that Lawrence’s contribution to the inherited assets was not de minimis because of Lawrence’s indirect contribution to the inherited assets. However, it was the indirect nature of Lawrence’s contributions that led the circuit court to conclude that Lawrence’s contribution was de minimis. This conclusion was based on a number of factors unique to the facts of this case.
[¶ 32.] First, the Brandon property had clearly been given to Barbara alone. The circuit court noted:
[The inherited assets were] not given to her and her husband, even though at the time this distribution was made, they presumably had been married for an extended period of time even by then. So one would think that if there had been any intention on the part of her parents to benefit Mr. Halbersma from the inherited property, they would have given it to him in his name jointly or in some manner express their intent that that would be the case.
[¶ 33.] Second, Barbara kept the inherited assets completely separate from the marital estate. The circuit court commented that the inherited property
was never used to support the family generally in terms of acquisition of property by them, the land that they purchased over the years, the livestock, the things that they did, the inheritance was never a factor in that. It was always totally separated and segregated and it was not used to pay the monthly expenses. It didn’t pay the heat, the lights, the gas, anything else.
[¶ 34.] Finally, Lawrence admitted that over the years he told Barbara that he wanted nothing to do with the Brandon property and that it was her responsibility alone. The circuit court acknowledged Lawrence’s lack of involvement and interest at the close of trial.
Mr. Halbersma doesn’t dispute when the inheritance was received that he in essence said, I remember his words precisely, he said I was too busy farming to worry about her property down at Brandon and it was hers and I didn’t want anything to do with it and that’s what happened over many, many years.
All the decisions, control and contribution in maintaining the inherited property were made by Barbara without any involvement by Lawrence. All of the accounts and payments associated with the property were kept separate. Some of the inherited assets had been placed in a living trust with Barbara’s children as beneficiaries. Additionally, the circuit court found that the liquid assets awarded to Lawrence were adequate to support him “in the style to which the parties were accustomed during the marriage.” Thus, Lawrence did not show that his need for support was not met without dividing the inherited assets.
[¶ 35.] We have stated, “a ‘trial court has broad discretion in determining whether property is marital in nature and subject to division.’” Billion, 1996 SD 101, ¶ 20, 553 N.W.2d at 232 (quoting Heckenlaible v. Heckenlaible, 1996 SD 32, ¶ 8, 545 *553 N.W.2d 481, 483). Based on this deferential standard and under the specific facts of this case, the circuit court’s exclusion of the inherited property from the marital estate was clearly reasonable and justified by the evidence. I would affirm the circuit court’s exclusion of the marital property.